JANET M. HEROLD
Regional Solicitor
CHERYL L. ADAMS (CSBN 208244)
Senior Trial Attorney
SUSAN SELETSKY (CSBN 176106)
Counsel for FLSA
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Thomas E. Perez
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> BARRIO FIESTA, LLC, a limited liability company doing business as BARRIO FIESTA RESTAURANT; TRIGROUP, INC., a corporation doing business as BARRIO FIESTA RESTAURANT; and JUNE FRANCIS A. RONO, an individual. | Case No.:5:14-cv-03842-BLF <br><br> [PROPOSED] <br> **CONSENT JUDGMENT** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants BARRIO FIESTA, LLC, a limited liability company doing business as BARRIO FIESTA RESTAURANT; TRIGROUP, INC., a corporation doing business as BARRIO FIESTA RESTAURANT; and JUNE FRANCIS A. RONO, an individual, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that the Defendants violated

provisions of Sections 6, 7, and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 206, 207 and 215(a)(2).

B. Defendants acknowledge receipt of a copy of the Secretary's Complaint and have retained the assistance of defense counsel.

C. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the Northern District of California.

F. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

G. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

H. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the period from May 15, 2012, to May 15, 2014 (the "Subject Period"), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

I. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the Subject Period, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act,

- 2 -

CONSENT JUDGMENT

for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the

form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act.

  4.  IT IS FURTHER ORDERED that Defendants shall not withhold payment of $66,027.51, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period, to the employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

  5.  The provisions of paragraph 4 will be deemed satisfied when Defendants comply with the following provisions:

  a.  Within thirty calendar days of the entry of this Consent Judgment Defendants shall deliver to the Secretary a schedule with the name "Barrio Fiesta Restaurant" written on it and containing the last known (home) address, social security number, telephone number (if known), and amount of back wages for each person named in the attached Exhibit A.

  b.  Defendants shall initiate repayment of the back wages pursuant to the installment schedule attached hereto as Exhibit B, with the first payment of $16,506.88 due on August 2, 2014, and remaining payments as set forth in Exhibit B. Defendants shall make payments on or before the second day of each month for thirteen months by delivering to the employee listed in Exhibit B a check in the amount indicated adjacent to his or her name under "Total Payment."

  c.  Defendants shall be responsible for deducting the employee's share of FICA and federal and state income taxes from the back wage amounts paid to the persons named in the attached Exhibit B, and for remitting said deductions to the appropriate agencies. Defendants, as the employer, are also responsible for the employer portion of employment taxes on the back wages hereby found due.

     d.     On or before the second day of the month following the month in which each person who is listed in the attached Exhibit B was paid, Defendant June Francis A. Rono shall provide a copy of the front and back of all cancelled checks showing these payments along with a signed verification of Exhibit D to Wage and Hour.

     e.     Within 90 days after the date that each payment becomes due pursuant to Paragraph 5 of this Judgment, Defendants will provide to the Secretary a certified or cashier's check or money order made payable to the "U.S. Department of Labor" containing the lump sum of all the net amounts of any checks issued pursuant to Paragraph 4 above that have been returned, refused, or not cashed by the employee. In addition, Defendants will provide to the Secretary an attached list showing for each individual whose payment is included in the lump sum: the name, last known address, social security number, gross amount due, deductions made from that gross amount and the net amount due. The Secretary shall then distribute said monies paid by Defendants under this Judgment to the employees or their estates if that is necessary. Any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

     f.     Should Defendants fail to completely make any of the payments set forth above on or before the dates due, Defendants shall be in default of the terms of this Consent Judgment. Upon default, the Secretary shall have the option of accelerating payment of the unpaid balance by mailing a certified letter to Defendants' last known address. If such option is exercised, the entire remaining balance shall become immediately due and payable. Furthermore, Defendants will be subject to administrative charges to cover debt collection of the unpaid balance and will accrue interest on the unpaid balance at the rate of six percent per annum.

6. Defendant June Francis A. Rono shall promote awareness of the importance of compliance with the minimum wage and overtime requirements of the FLSA by writing and submitting for publication to industry publications an article that addresses the obligations of restaurants to pay the minimum wage and to pay time and one half to all employees for weeks such employees work more than 40 hours. The article will be tailored to employers similarly situated to Defendant Barrio Fiesta Restaurants. Within 60 days of the entry of this Judgment Defendant June Francis A. Rono will provide the Wage and Hour Division with a draft of the article prior to its publication to review for accuracy, and provide a final copy to the Wage and Hour Division once the article has been published. Defendant June Francis A. Rono agrees to make diligent efforts to have the article published.

7. Defendants shall purchase an ad of at least two (2) inches by two (2) inches in an industry publication for two days containing information on the obligations of restaurant industry employers to pay the minimum wage and overtime rates and the necessity of a level playing field for all restaurant industry employers by promoting a code of conduct that promotes adherence to federal labor and employment laws. Within 60 days of entry of this Consent Judgment, Defendants will provide the Wage and Hour Division with a draft of the ad prior to its submission, for their review for accuracy. The Wage and Hour Division shall have 60 days to review the ad. Defendants shall incorporate any changes suggested by the Wage and Hour Division prior to submitting the ad to a trade publication. Defendants shall provide a final copy of the article to the Wage and Hour Division upon the ad's publication. Defendants agree to make diligent efforts to have the ad published, and will provide a copy of the advertisement to each of its current employees along with each employee's paycheck in the pay period following publication of the advertisement.

8. Within 30 calendar days of the entry of this Consent Judgment Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the

1 provisions of this paragraph:

2     a.     All individuals performing work for Defendants shall record their work time in an
3 accurate and timely manner, through the use of a time clock.

4     b.     For each work week, Defendants shall sum the time indicated on the time records
5 recorded on the time clock by each employee to identify the time worked each day and each
6 workweek. Each pay period Defendants shall prepare a statement of hours worked by each
7 employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours
8 Summary shall state the regular rate, any amount deducted that pay period for any reason, and
9 shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09,Defendants shall calculate
10 the half-time premium for hours worked over forty in each work week by dividing the regular
11 rate in half.

12     c.     Defendants shall have each employee review his/her Work Hours Summary and
13 write in corrections if necessary. Each hours worked summary shall contain a statement in
14 English and Tagalog that "Barrio Fiesta Restaurant" must pay you for all hours worked, which
15 includes all time that you are required to be on the employer's premises and are not free from
16 duties. If you think Barrio Fiesta Restaurant has not paid you for all hours you worked, you can
17 call the U.S. Department of Labor to make a confidential complaint at 1-866-4US- WAGE."
18 Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all
19 Work Hours Summary for inspection by the Department of Labor at any time without prior
20 request.

21     d.     Defendants shall maintain all timecards and payroll records for a period of not
22 less than three years.

23     e.     Defendants shall reflect all the amounts paid to employees, regardless of the
24 manner of payment, on the payroll records.

25     f.     Defendants shall not alter or manipulate time or payroll records to reduce the

number of hours actually worked by an employee.

    g.    Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

    9.    No later than September 1, 2015, Defendants shall obtain an audit of compliance with the FLSA, and regulations issued under the FLSA, to be conducted by a third-party monitor hired at Defendants' expense. The third-party monitor will prepare a written report which summarizes the steps taken to complete the audit, and the findings of the audit as to Defendants' compliance with the FLSA. In the event that the third party-monitor finds non-compliance with the FLSA, Defendants shall ensure that the third party monitor shall report such findings to the Secretary.

    a.    Before the third-party monitor begins work, Defendants shall provide the identity and curriculum vitae of said proposed third-party monitor to the Wage and Hour Division for concurrence. The Wage and Hour Division shall have the right to reject the selected monitor and direct Defendants to select and propose a different monitor.

    b.    The third-party monitor shall have the ability to communicate with Defendants' workers in their native language(s), or, shall be provided with an interpreter as necessary at Defendants' expense.

    c.    Defendants shall cooperate in full with the third-party monitor, including providing the monitor access to the worksite(s) of Defendants' workers and to payroll and time records.

    d.    If the third-party monitor finds violations of the FLSA, or regulations issued under the FLSA, that result in back wages due, Defendants shall pay the wages due on its next regularly scheduled payroll.

    e.    If the third-party monitor directs changes in Defendants' policies and/or procedures, or directs that Defendants take action to comply with the FLSA or regulations issued under the FLSA, Defendants shall do so.

    f.    The third-party monitor shall have the duty to conduct off-site interviews with Defendants' workers; such interviews, and other communications between workers and the

monitor, shall remain confidential (except as to authorized representatives of the U.S. Department of Labor); and copies of all notes and interviews conducted by the monitor may be turned over to the Secretary, along with the annual audit report, if requested.

    g.    Discrimination or retaliation by Defendants against workers for cooperating or communicating with the third-party monitor is prohibited to the fullest extent of 29 C.F.R. § 215(a)(3).

    h.    The workers shall have the right to have a representative of their choosing accompany the third-party monitor on his/her inspections of the worksite.

    i.    Defendants' contract with the third-party monitor shall include the provisions of this paragraph.

    10.    All submissions to the Secretary or to the Wage and Hour Division required by this Consent Judgment shall be sent to the following address:

> Susana Blanco
> District Director
> San Francisco District Office
> US Dept. of Labor
> Wage & Hour Division
> 90 7th Street, Suite 12-300
> San Francisco, California 94103

    11.    Within ten calendar days of the entry of the Consent Judgment, Defendants shall post a copy of the attached Exhibit C at Defendants' establishment for no less than one-hundred eighty (180) days. Exhibit C summarizes terms of the Consent Judgment and the employees' rights under the FLSA.

    12.    The filing, pursuit, and/or resolution of this proceeding with the filing of the Consent Decree shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified therein for the back wage recovery provisions.

    13.    Each party shall bear all fees and other expenses (including court costs) incurred

1 | by such party in connection with any stage of this proceeding to date.

2 |     14.    This Court shall retain jurisdiction of this action for purposes of enforcing

3 | compliance with the terms of the Consent Decree.

4 | Dated this __2nd__ day of ____September____, 2014

*/s/ Beth Labson Freeman*

BETH LABSON FREEMAN
U.S. DISTRICT JUDGE

- 10 -

CONSENT JUDGMENT

| | |
|---|---|
| For the Defendants | For the Plaintiff: |
| The Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court: | Dated: *August 26, 2014* |
| | M. PATRICIA SMITH |
| | Solicitor of Labor |
| Dated: 8/18/2014 | |
| | JANET M. HEROLD |
| *[signature]* | Regional Solicitor |
| JUNE FRANCIS A. RONO, as an individual and owner of BARRIO FIESTA, LLC, a limited liability company doing business as BARRIO FIESTA RESTAURANT and as owner of TRIGROUP, INC., a corporation doing business as BARRIO FIESTA RESTAURANT | SUSAN SELETSKY |
| | Counsel for FLSA |
| | By: *[signature] Cheryl L. Adams* |
| | CHERYL L. ADAMS |
| | Senior Trial Attorney |
| | |
| LAW OFFICES OF | Attorneys for U.S. Department of Labor |
| CHARLES M. STANDARD | |
| Dated: 8/18/2014 | |
| *[signature]* | |
| CHARLES M. STANDARD | |
| Law Office of Charles M. Standard | |
| 152 N. Third Street, Suite 700 | |
| San Jose, CA 95112 | |

EXHIBIT A

| Name | Period Covered | Back Wages |
|---|---|---|
| CABUNOC, YISHAY | 05/18/2012 to 05/17/2014 | $2,098.24 |
| CHUA, ROGER | 05/18/2012 to 05/17/2014 | $4,599.42 |
| DE GUZMAN, GASPAR | 05/18/2012 to 05/17/2014 | $10,511.39 |
| ENCIO, GLORIA | 05/18/2012 to 05/17/2014 | $411.85 |
| ENTERIA, DANILO | 05/18/2012 to 05/17/2014 | $4,184.32 |
| GARCIA, CRISTETA | 05/18/2012 to 05/17/2014 | $3,645.41 |
| GONZALEZ, TEOFILO | 05/18/2012 to 05/17/2014 | $6,814.55 |
| ILLORDE, LINDA CAROL | 05/18/2012 to 05/17/2014 | $2,605.86 |
| JAVIER, JOHN CARLO | 05/18/2012 to 05/17/2014 | $12,143.18 |
| LONZANIDCA, EVA | 05/18/2012 to 05/17/2014 | $6,814.57 |
| LUIS, JESSE JAMES | 05/18/2012 to 05/17/2014 | $7,733.97 |
| MANGLONA, MARICEL | 05/18/2012 to 05/17/2014 | $221.73 |
| ROJAS, HEIDI | 05/18/2012 to 05/17/2014 | $767.43 |
| VICTORIANO, AIDA | 05/18/2012 to 05/17/2014 | $133.29 |
| LOHERA, ALFONZO | 05/18/2012 to 05/17/2014 | $3,342.30 |

**EXHIBIT B**

U.S. DEPARTMENT OF LABOR

Installment Amortization Schedule
Installment Agreement Date: 08/02/2014

Case No: 1728553
Employer: Barrio Fiesta Restaurant

| | | | |
|---|---|---|---|
| Beginning Payment Date: | 08/02/2014 | Ending Payment Date: | 07/02/2015 |
| Total BW Amount: | $66,027.51 | Current Interest Rate: | 1.0 % |
| | | Number Of Payments: | 12 |
| Initial Payment: | $16,506.88 | Pay Period: | Monthly |

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| **Date Due 08/02/2014** | | | |
| GLORIA ENCIO | $411.85 | $0.00 | $411.85 |
| MARICEL MANGLONA | $221.73 | $0.00 | $221.73 |
| HEIDI ROJAS | $767.43 | $0.00 | $767.43 |
| AIDA VICTORIANO | $133.29 | $0.00 | $133.29 |
| YISHAY CABUNOC | $487.12 | $0.00 | $487.12 |
| ROGER CHUA | $1,067.79 | $0.00 | $1,067.79 |
| GASPAR DE GUZMAN | $2,440.30 | $0.00 | $2,440.30 |
| DANILO ENTERIA | $971.42 | $0.00 | $971.42 |
| CRISTETA GARCIA | $846.31 | $0.00 | $846.31 |
| TEOFILO GONZALEZ | $1,582.05 | $0.00 | $1,582.05 |
| LINDA CAROL ILLORDE | $604.97 | $0.00 | $604.97 |
| JOHN CARLO JAVIER | $2,819.13 | $0.00 | $2,819.13 |
| ALFONZO LOHERA | $775.94 | $0.00 | $775.94 |
| EVA LONZANIDA | $1,582.05 | $0.00 | $1,582.05 |
| JESSE JAMES LUIS | $1,795.50 | $0.00 | $1,795.50 |
| YISHAY CABUNOC | $133.65 | $1.34 | $134.99 |
| ROGER CHUA | $292.96 | $2.94 | $295.90 |
| GASPAR DE GUZMAN | $669.51 | $6.73 | $676.24 |
| DANILO ENTERIA | $266.52 | $2.68 | $269.20 |
| CRISTETA GARCIA | $232.19 | $2.33 | $234.52 |
| TEOFILO GONZALEZ | $434.05 | $4.36 | $438.41 |
| LINDA CAROL ILLORDE | $165.98 | $1.67 | $167.65 |

**EXHIBIT B**

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| JOHN CARLO JAVIER | $773.45 | $7.77 | $781.22 |
| ALFONZO LOHERA | $212.88 | $2.14 | $215.02 |
| EVA LONZANIDA | $434.05 | $4.36 | $438.41 |
| JESSE JAMES LUIS | $492.60 | $4.95 | $497.55 |

**Date Due 09/02/2014**

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| YISHAY CABUNOC | $133.76 | $1.23 | $134.99 |
| ROGER CHUA | $293.20 | $2.70 | $295.90 |
| GASPAR DE GUZMAN | $670.07 | $6.17 | $676.24 |
| DANILO ENTERIA | $266.74 | $2.46 | $269.20 |
| CRISTETA GARCIA | $232.39 | $2.14 | $234.53 |
| TEOFILO GONZALEZ | $434.41 | $4.00 | $438.41 |
| LINDA CAROL ILLORDE | $166.12 | $1.53 | $167.65 |
| JOHN CARLO JAVIER | $774.10 | $7.12 | $781.22 |
| ALFONZO LOHERA | $213.06 | $1.96 | $215.02 |
| EVA LONZANIDA | $434.41 | $4.00 | $438.41 |
| JESSE JAMES LUIS | $493.01 | $4.53 | $497.54 |

**Date Due 10/02/2014**

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| YISHAY CABUNOC | $133.87 | $1.12 | $134.99 |
| ROGER CHUA | $293.44 | $2.45 | $295.89 |
| GASPAR DE GUZMAN | $670.63 | $5.61 | $676.24 |
| DANILO ENTERIA | $266.96 | $2.23 | $269.19 |
| CRISTETA GARCIA | $232.58 | $1.95 | $234.53 |
| TEOFILO GONZALEZ | $434.77 | $3.64 | $438.41 |
| LINDA CAROL ILLORDE | $166.25 | $1.39 | $167.64 |
| JOHN CARLO JAVIER | $774.74 | $6.48 | $781.22 |
| ALFONZO LOHERA | $213.24 | $1.78 | $215.02 |
| EVA LONZANIDA | $434.77 | $3.64 | $438.41 |
| JESSE JAMES LUIS | $493.44 | $4.13 | $497.57 |

**Date Due 11/02/2014**

| EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|
| YISHAY CABUNOC | $133.98 | $1.01 | $134.99 |

**EXHIBIT B**

| | EE Name /<br>3rd Party | Principal | Interest | Total<br>Payment |
|---|---|---|---|---|
| | ROGER CHUA | $293.69 | $2.21 | $295.90 |
| | GASPAR DE GUZMAN | $671.19 | $5.05 | $676.24 |
| | DANILO ENTERIA | $267.18 | $2.01 | $269.19 |
| | CRISTETA GARCIA | $232.77 | $1.75 | $234.52 |
| | TEOFILO GONZALEZ | $435.13 | $3.27 | $438.40 |
| | LINDA CAROL ILLORDE | $166.39 | $1.25 | $167.64 |
| | JOHN CARLO JAVIER | $775.39 | $5.84 | $781.23 |
| | ALFONZO LOHERA | $213.42 | $1.61 | $215.03 |
| | EVA LONZANIDA | $435.13 | $3.27 | $438.40 |
| | JESSE JAMES LUIS | $493.85 | $3.72 | $497.57 |
| Date Due | 12/02/2014 | | | |
| | YISHAY CABUNOC | $134.09 | $0.90 | $134.99 |
| | ROGER CHUA | $293.93 | $1.97 | $295.90 |
| | GASPAR DE GUZMAN | $671.75 | $4.49 | $676.24 |
| | DANILO ENTERIA | $267.41 | $1.79 | $269.20 |
| | CRISTETA GARCIA | $232.97 | $1.56 | $234.53 |
| | TEOFILO GONZALEZ | $435.50 | $2.91 | $438.41 |
| | LINDA CAROL ILLORDE | $166.53 | $1.11 | $167.64 |
| | JOHN CARLO JAVIER | $776.03 | $5.19 | $781.22 |
| | ALFONZO LOHERA | $213.60 | $1.43 | $215.03 |
| | EVA LONZANIDA | $435.50 | $2.91 | $438.41 |
| | JESSE JAMES LUIS | $494.24 | $3.30 | $497.54 |
| Date Due | 01/02/2015 | | | |
| | YISHAY CABUNOC | $134.20 | $0.78 | $134.98 |
| | ROGER CHUA | $294.18 | $1.72 | $295.90 |
| | GASPAR DE GUZMAN | $672.31 | $3.93 | $676.24 |
| | DANILO ENTERIA | $267.63 | $1.56 | $269.19 |
| | CRISTETA GARCIA | $233.16 | $1.36 | $234.52 |
| | TEOFILO GONZALEZ | $435.86 | $2.55 | $438.41 |
| | LINDA CAROL ILLORDE | $166.67 | $0.97 | $167.64 |
| | JOHN CARLO JAVIER | $776.68 | $4.54 | $781.22 |

# EXHIBIT B

| | EE Name /<br>3rd Party | Principal | Interest | Total<br>Payment |
|---|---|---|---|---|
| | ALFONZO LOHERA | $213.77 | $1.25 | $215.02 |
| | EVA LONZANIDA | $435.86 | $2.55 | $438.41 |
| | JESSE JAMES LUIS | $494.67 | $2.91 | $497.58 |
| Date Due | 02/02/2015 | | | |
| | YISHAY CABUNOC | $134.32 | $0.67 | $134.99 |
| | ROGER CHUA | $294.42 | $1.48 | $295.90 |
| | GASPAR DE GUZMAN | $672.87 | $3.37 | $676.24 |
| | DANILO ENTERIA | $267.85 | $1.34 | $269.19 |
| | CRISTETA GARCIA | $233.35 | $1.17 | $234.52 |
| | TEOFILO GONZALEZ | $436.22 | $2.19 | $438.41 |
| | LINDA CAROL ILLORDE | $166.81 | $0.84 | $167.65 |
| | JOHN CARLO JAVIER | $777.32 | $3.90 | $781.22 |
| | ALFONZO LOHERA | $213.95 | $1.07 | $215.02 |
| | EVA LONZANIDA | $436.22 | $2.19 | $438.41 |
| | JESSE JAMES LUIS | $495.09 | $2.47 | $497.56 |
| Date Due | 03/02/2015 | | | |
| | YISHAY CABUNOC | $134.43 | $0.56 | $134.99 |
| | ROGER CHUA | $294.67 | $1.23 | $295.90 |
| | GASPAR DE GUZMAN | $673.43 | $2.81 | $676.24 |
| | DANILO ENTERIA | $268.08 | $1.12 | $269.20 |
| | CRISTETA GARCIA | $233.55 | $0.97 | $234.52 |
| | TEOFILO GONZALEZ | $436.59 | $1.82 | $438.41 |
| | LINDA CAROL ILLORDE | $166.95 | $0.70 | $167.65 |
| | JOHN CARLO JAVIER | $777.97 | $3.25 | $781.22 |
| | ALFONZO LOHERA | $214.13 | $0.89 | $215.02 |
| | EVA LONZANIDA | $436.59 | $1.82 | $438.41 |
| | JESSE JAMES LUIS | $495.48 | $2.07 | $497.55 |
| Date Due | 04/02/2015 | | | |
| | YISHAY CABUNOC | $134.54 | $0.45 | $134.99 |
| | ROGER CHUA | $294.92 | $0.98 | $295.90 |

**EXHIBIT B**

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| | GASPAR DE GUZMAN | $673.99 | $2.25 | $676.24 |
| | DANILO ENTERIA | $268.30 | $0.90 | $269.20 |
| | CRISTETA GARCIA | $233.74 | $0.78 | $234.52 |
| | TEOFILO GONZALEZ | $436.95 | $1.46 | $438.41 |
| | LINDA CAROL ILLORDE | $167.09 | $0.56 | $167.65 |
| | JOHN CARLO JAVIER | $778.62 | $2.60 | $781.22 |
| | ALFONZO LOHERA | $214.31 | $0.72 | $215.03 |
| | EVA LONZANIDA | $436.95 | $1.46 | $438.41 |
| | JESSE JAMES LUIS | $495.90 | $1.64 | $497.54 |
| Date Due | 05/02/2015 | | | |
| | YISHAY CABUNOC | $134.65 | $0.34 | $134.99 |
| | ROGER CHUA | $295.16 | $0.74 | $295.90 |
| | GASPAR DE GUZMAN | $674.55 | $1.69 | $676.24 |
| | DANILO ENTERIA | $268.52 | $0.67 | $269.19 |
| | CRISTETA GARCIA | $233.94 | $0.59 | $234.53 |
| | TEOFILO GONZALEZ | $437.31 | $1.09 | $438.40 |
| | LINDA CAROL ILLORDE | $167.23 | $0.42 | $167.65 |
| | JOHN CARLO JAVIER | $779.27 | $1.95 | $781.22 |
| | ALFONZO LOHERA | $214.49 | $0.54 | $215.03 |
| | EVA LONZANIDA | $437.31 | $1.09 | $438.40 |
| | JESSE JAMES LUIS | $496.32 | $1.24 | $497.56 |
| Date Due | 06/02/2015 | | | |
| | YISHAY CABUNOC | $134.76 | $0.22 | $134.98 |
| | ROGER CHUA | $295.41 | $0.49 | $295.90 |
| | GASPAR DE GUZMAN | $675.11 | $1.13 | $676.24 |
| | DANILO ENTERIA | $268.75 | $0.45 | $269.20 |
| | CRISTETA GARCIA | $234.13 | $0.39 | $234.52 |
| | TEOFILO GONZALEZ | $437.68 | $0.73 | $438.41 |
| | LINDA CAROL ILLORDE | $167.37 | $0.28 | $167.65 |
| | JOHN CARLO JAVIER | $779.92 | $1.30 | $781.22 |
| | ALFONZO LOHERA | $214.67 | $0.36 | $215.03 |

**EXHIBIT B**

| | EE Name / 3rd Party | Principal | Interest | Total Payment |
|---|---|---|---|---|
| | EVA LONZANIDA | $437.68 | $0.73 | $438.41 |
| | JESSE JAMES LUIS | $496.72 | $0.83 | $497.55 |
| Date Due | 07/02/2015 | | | |
| | YISHAY CABUNOC | $134.87 | $0.11 | $134.98 |
| | ROGER CHUA | $295.65 | $0.25 | $295.90 |
| | GASPAR DE GUZMAN | $675.68 | $0.56 | $676.24 |
| | DANILO ENTERIA | $268.96 | $0.22 | $269.18 |
| | CRISTETA GARCIA | $234.33 | $0.20 | $234.53 |
| | TEOFILO GONZALEZ | $438.03 | $0.36 | $438.39 |
| | LINDA CAROL ILLORDE | $167.50 | $0.14 | $167.64 |
| | JOHN CARLO JAVIER | $780.56 | $0.65 | $781.21 |
| | ALFONZO LOHERA | $214.84 | $0.18 | $215.02 |
| | EVA LONZANIDA | $438.05 | $0.36 | $438.41 |
| | JESSE JAMES LUIS | $497.15 | $0.42 | $497.57 |
| | | $66,027.51 | $268.65 | $66,296.16 |

# EXHIBIT C

## LEGAL NOTICE TO ALL EMPLOYEES

In July 2014, Barrio Fiesta Restaurant settled a lawsuit with the **U.S. Department of Labor**. As part of this settlement, Barrio Fiesta Restaurant will pay and distribute to certain employees money owed for past work. This distribution will take place over several months, so if you leave this job, please call the number listed below to update your contact information.

The **Fair Labor Standards Act** provides that you must be paid the **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek. All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours.

Barrio Fiesta Restaurant's settlement with the U.S. Department of Labor requires your employer to record your work time in an accurate and timely manner, through the use of a time clock and to prepare a statement of hours worked by each employee for each pay period. You will have the right to review your statement of hours worked and write in corrections if necessary.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential. The U.S Department of Labor wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.

# EXHIBIT D

Verification of Employee Backwage Payments

I, June Francis Romo, hereby state, under penalty of perjury, that I have made all of the payments to the employees referenced by the cancelled checks submitted concurrently herewith. I further state that I have not and will not demand or accept from the employees any of the money paid to them in settlement of Perez v. Barrio Fiesta *et al.*

Dated:

_____
(signature)

- 13 -

CONSENT JUDGMENT